# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

CHARLES ASHFORD,                                                                                      PLAINTIFF
ADC # 133975

v.                                          4:24CV00900-BSM-JTK

FREDRICK R. KINGDOM, JR., et al.                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

I.  **INTRODUCTION**

Charles Ashford ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2).

Although Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Doc. No. 1), Plaintiff's IFP Motion should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, has not established imminent danger.

## II.   SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915A(a).[1]  Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2]  The Court finds

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

[2] Ashford v. Whaley, 5:09cv00086-JLH (E.D. Ark.) (dismissed for failure to state a claim on April 16, 2009) (no appeal filed); Ashford v. Washington, 5:09cv00224-JLH (E.D. Ark.) (dismissed for failure to state a claim on September 16, 2009) (no appeal filed); Ashford v. Rucker, 5:09cv00202-SWW (E.D. Ark.) (dismissed for failure to state a claim on September 24, 2009) (no

that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Still, Plaintiff may be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued Corporal Fredrick R. Kingdom, Jr. and an official of Advance Recovery Consultant ("Advance") located in San Diego, California. (Doc. No. 2). Plaintiff alleges that on September 21, 2024, Defendant Kingdom, who was assigned to 2 barracks, "called [Plaintiff] out." (Id. at 1). Plaintiff "adhered to a unknown visit with the presence of unknown Advance head guy or lady when he noticed suspicious activity." (Id.) Plaintiff "got a response" about an "owed bank statement" outstanding balance of $8,279.04. (Id.). Plaintiff informed Defendant Kingdom about the problem, but Defendant Kingdom just shrugged his shoulders. (Id.). The Advance official then slammed Plaintiff's face into the steel bars. (Id.). Plaintiff stumbled off and was stabbed by a white inmate while Defendant Kingdom held Plaintiff "allowing the harm to paralyze [Plaintiff]." (Doc. No 2 at 1-2). Plaintiff asked Defendant Kingdom "why and Kingdom stated 'our Advance head staff needed us to mob you punk a\*\* b\*\*\*h its how we make

---

appeal filed).

punks like you pay the Varner Unit price.'" (Id. at 2). Kingdom then wrote Plaintiff a false disciplinary. (Id.). Two weeks later Defendant Kingdom told Plaintiff "in the future Advance head staff told me to mob you punk when you get out and released to general population." (Id.). Plaintiff alleges that Advance is a state actor through its conspiracy with Defendant Kingdom. (Id.). Plaintiff asserts Defendants violated his Eighth Amendment rights. (Id. at 3).

Plaintiff seeks compensatory damages of $8,279.04, punitive damages, and injunctive relief. (Doc. No. 2 at 3).

As the Supreme Court of the United States explained, "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" Denton v Hernandez, 504 U.S. 25, 32–33 (1992) (internal citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." (Id.)

On September 19, 2024, Plaintiff filed Ashford v. Advance Recovery Consultant, 4:24-cv-00781-BRW (E.D. Ark.). Plaintiff's statement of claim in that case reads, in relevant part:

> Plaintiff remembers in December 2nd 2023 he received a bank statement from two San Diego Companies Advance Recovery Consultant and Affiliate Commercial Bank at the Pulaski County Jail before being admitted to ADC Varner state prison unit. Around February 15, 2024 Plaintiff Charles received a visit held in Pulaski Jail and was unusual unscheduled. A verbal statement initially was given to Plaintiff 'Hi I'm from Advance and by our policy my name can't be given so in refusing it.'
>
> Plaintiff was showed a high lighted paragraph and it read 'our records indicate an outstanding balance owed to Charles Ashford in the amount of $8,279.04 from Affiliate Commercial Bank.' After Plaintiff requested his money so he could afford commissary food items both from jail and prison unknown Advance Head official upon day shift a quarter to 4:30 p.m. instead stated 'F**k you n***a a** boy we ain't obligated to give you s**t we'll kill you for it.' Next Plaintiff stood up fencin' to leave from being snitched out and when Advance grab hugged

4

> Plaintiff painfully and smashed his forehead in the floor causing scratched up and down burns and broken flesh imminently physically threaten Plaintiff life.
>
> Plaintiff Charles felt badly misused afraid of future unable to pay hateful circumstance while incarcerated that puts him at a death risk of begging and debtful problems so Plaintiff rewrote Advance desperately.  In May 17, 2024 upon day shift approx.. 2 p.m. almost the same as that initial February incident on Sergeant unknown and name refused working D-Davis unit brks Plaintiff suffered another vicious attack.   By Advance same person as before stated 'what the f**k ya b***h a** want we the Advance tired of nit wits like ya Charles ya reminds us of our other inmate from Pulaski Jail we suckered out of money and racistly laughed at Plaintiff about it.   Plaintiff again was fenna leave and Advance grabbed the back of his head and slammed his two fists into the brick walls and made em knot and bloody, choking Plaintiff breathless for nearly 20 minutes!   No Grievance was available to resolve.
>
> This is Plaintiff Charles Ashford's claim he was imminently life endangered from that excessive force applied, and ripped off out of several dollars for no reason with unrecovered fees major conspiracy.   That violated Plaintiff's 8th Amendment law!

Id. at 1-3.

In the case at hand, Plaintiff alleges an official from Advance Recovery Consultant—located in San Diego, California—visited him at the Tucker Unit after an Advance official visited Plaintiff when he was incarcerated in the Pulaski County Jail.   The Advance official allegedly assaulted Plaintiff in the Varner Unit, just as an Advance official assaulted Plaintiff when Plaintiff was in the Pulaski County Jail.    Plaintiff also alleged conspiracy in connection with each incident. The Court finds that Plaintiff's allegations are 'fanciful,' . . . 'fantastic,' . . . and 'delusional.'" Denton, 504 U.S. at 32–33.   That an official from a company would visit Plaintiff inside both the Pulaski County Jail and the ADC, engage in a conspiracy both times, and assault Plaintiff both times is incredible.   As a result, the Court further finds that Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   Martin, 319 F.3d at 1050.   As such, Plaintiff's

Complaint should be dismissed without prejudice pending payment of the $405.00 filing and administrative fee.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's IFP Motion (Doc. No. 1) be DENIED;

2. Plaintiff's Complaint be DISMISSED without prejudice;

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 21st day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE